**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |
| Yellow Corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Last Mile Distribution LLC dba Intercept Logistics<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 25-51493 (CTG) |

**ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT TO**
**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§**
**547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Last Mile Distribution LLC dba Intercept Logistics ("Defendant"), by and through its undersigned counsel, hereby submits its answer and affirmative defenses to the adversary complaint filed by Yellow Corporation (the "Plaintiff") for avoidance and recovery of alleged transfers of property pursuant to 11 U.S.C §§ 547, 548 and/or 550 and disallowance of claims pursuant to 11 U.S.C § 502 (the "Complaint"), and states as follows:

**NATURE OF THE CASE**

1.　　Paragraph 1 of the Complaint sets forth the nature of the case to which no response is required. To the extent a response is required, the allegations are denied.

2.      Paragraph 2 of the Complaint sets forth the nature of the case to which no response is required.  To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint contains conclusions of law to which no response is required.

4.      Defendant admits that proceedings to determine, avoid or recover transfers pursuant to §§ 547, 548 and/or 550 of the Bankruptcy Code are denominated "core proceedings" pursuant to 28 U.S.C. § 157(b)(2).  To that extent Plaintiff seeks to assert other causes of action (other than those arising under title 11 set forth in the immediately previous sentence), it is otherwise determined that any Count of this adversary proceeding is non-core, or if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, Defendant does not consent to the entry of final orders or judgments by the Court.

5.      Paragraph 5 of the Complaint contains conclusions of law to which no response is required.

6.      Paragraph 6 of the Complaint contains conclusions of law to which no response is required.

7.      Paragraph 7 of the Complaint contains Plaintiff's position to which no response is required.

## PROCEDURAL BACKGROUND

8.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint which are therefore denied.

9.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint, which are therefore denied.

10.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint which are therefore denied.

## THE PARTIES

11.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint which are therefore denied.

12.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint which are therefore denied.

13.     Defendant admits paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

14.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint which are therefore denied.

15.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint which are therefore denied.

16.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint which are therefore denied.

17.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint which are therefore denied.

18.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint which are therefore denied.

19.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint which are therefore denied.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint which are therefore denied.

21. Defendant admits that it provided goods/services from time to time for the Debtors, including last mile logistics services. However, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the rest of paragraph 21 of the Complaint, which are therefore denied except refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint, which are therefore denied except admits, subject to its affirmative defenses, that Defendant may have received certain Transfers during the Preference Period. Defendant refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden

23. Paragraph 23 of the Complaint sets forth the nature of the case to which no response is required. To the extent a response is required, the allegations are denied.

24. Defendant denies paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint which are therefore denied. Also, Paragraph 25 of the Complaint contains conclusions of law to which no response is required.

26. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint which are therefore denied. Also, Paragraph 26 of the Complaint contains conclusions of law to which no response is required.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint which are therefore denied.

28.     Paragraph 28 of the Complaint contains Plaintiff's reservations to which no response is required.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

29.     Defendant incorporates by reference its answers to the Complaint as set forth in paragraphs 1-28 hereof.

30.     Subject to its affirmative defenses, Defendant admits that it received certain Transfers from the Debtor during the Preference Period and leaves Plaintiff to its burden. Defendant refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden.

31.     Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

32.     Subject to its affirmative defenses, Defendant admits paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

34.     Paragraph 34 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendant refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden.

35.     Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

36.     Subject to its affirmative defenses, Defendant admits that it received certain Transfers from the Debtor during the Preference Period and leaves Plaintiff to its burden.

Defendant refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden.

37.     Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

38.     Paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT II**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

39.     Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-38 hereof.

40.     Paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

41.     Paragraph 41 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT III**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

42.     Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-41 hereof.

43.     Paragraph 43 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

44.     Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

45.     Paragraph 45 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

<u>COUNT IV</u>
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

46.     Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-45 hereof.

47.     Paragraph 47 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

48.     Subject to its affirmative defenses, Defendant admits that it has not paid the Estate, denies liability and leaves Plaintiff to its burden. The rest of the paragraph contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

49.     Paragraph 49 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50.     Paragraph 50 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**
<u>**(Failure to State a Cause of Action)**</u>

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
<u>**(Ordinary Course of Business under 11 U.S.C. § 547(c)(2))**</u>

To the extent any of the Transfers were received by the Defendant, each was in payment of a debt incurred by the transferring Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant, and such transfer was--

(A) made in the ordinary course of business or financial affairs of the transferring Debtor and the Defendant, or

(B) made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE
### (Subsequent New Value under 11 U.S.C. § 547(c)(4))

To the extent any of the Transfers were received by the Defendant then, after each such Transfer, Defendant gave new value to or for the benefit of the transferring Debtor--

(A) not secured by an otherwise unavoidable security interest, and

(B) on account of which new value the transferring Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Contemporaneous Exchange for New Value)

To the extent that each Transfer alleged in the Complaint is found to have been made to Defendant, each such Transfer is not a voidable preference to the extent such Transfer was, pursuant to 11 U.S.C. § 547(c)(1), a contemporaneous exchange for new value given to the transferring Debtor, and the Transfers were, in fact, a substantially contemporaneous exchange.

### FIFTH AFFIRMATIVE DEFENSE
### (Solvency)

The Debtors were solvent at all times relevant hereto.

### SIXTH AFFIRMATIVE DEFENSE
### (Good Faith Transferee for Value)

To the extent the Complaint alleges a cause of action under § 548, Defendant asserts such claim is barred by 11 U.S.C. §548(c) because Defendant was a good-faith transferee taking for value.

### SEVENTH AFFIRMATIVE DEFENSE
### (Additional Defenses and/or Counterclaims)

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, additional defenses.  Defendant reserves its right

to assert additional defenses in the event discovery indicates that Defendant possesses such defenses.

## GENERAL STATEMENTS

To the extent that any allegations in the Complaint or other aspects of the Complaint were not responded to fully above, such allegations and aspects are expressly denied by Defendant.

The assertion of affirmative defenses herein by Defendant is not intended to, and does not, alter or shift any burden of proof that the Plaintiff may have in connection with its claims.

**WHEREFORE,** Defendant requests that the Court (1) enter judgment in favor of Defendant and against the Plaintiff on all claims asserted by the Plaintiff, (2) dismiss the Complaint in its entirety and dismiss each and all of the claims therein, (3) award Defendant its costs and attorneys' fees incurred in its defense; and (4) grant such other and further relief as the Court deems just and equitable.

Dated:  December 10, 2025

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
Chan (Cora) Dong (DE #7393)
824 Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
rosner@teamrosner.com
dong@teamrosner.com

*Counsel to Defendant*

and

**SILVERMAN LAW PLLC**
Brett S. Silverman, Esq.
4 Terry Terrace
Livingston, New Jersey 07039
646.281.6008
brett@getconciergelaw.com

*Counsel to Defendant*